UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TRAVELODGE HOTELS, INC.,** | Civil Action No. 12-4660 (CCC) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| **RAXON RESTAURANT, INC. et al.,** | |
| Defendants. | |

**THIS MATTER** has come before the Court on Plaintiff Travelodge Hotel, Inc.'s ("Plaintiff") motion to strike the answer of Defendants Neera Garg and Virendra Garg (the "Garg Defendants") and to enter default. [Docket Entry No. 34]. No opposition has been filed thereto. For the reasons set forth below, it is respectfully recommended that the Defendants' answer be stricken and default entered.

## BACKGROUND

Plaintiff filed this action on July 25, 2012, alleging breach of contract in connection with Defendants' operation of a lodging facility owned by Plaintiff. *See Compl*. Docket Entry No. 1. Specifically, on or about September 27, 2006, Plaintiff entered into a License Agreement with Defendant Raxon Restaurant, Inc. ("Raxon") whereby Raxon agreed to operate the lodging facility for a period of fifteen years. *Id.* at ¶¶10, 11. Defendants Neera Garg, Virendra Garg and Mohammad Ashraf (collectively, the "Individual Defendants") are the alleged principals of Raxon.[1] *Id.* at ¶¶3-5. The Individual Defendants also allegedly executed a Guaranty of Raxon's obligations pursuant to the License Agreement. *Id.* at ¶21. On February 9, 2010, Raxon notified

---

[1] The Garg Defendants' Answer claims that Defendant Ashraf is not a principal of Raxon. *See Answer* at ¶5; Docket Entry No. 6.

1

Plaintiff that it has ceased operating the lodging facility, thereby terminating the agreement and defaulting under it. *Id.* at ¶¶24-25.

Plaintiff filed the instant action seeking damages for Defendants' breach of the License Agreement.  On August 20, 2012, the Garg Defendants filed an Answer to Plaintiff's Complaint which listed their address as 6121 Zumstein Drive, Columbus, Ohio 43229. *See Answer*; Docket Entry No. 6.  The Garg Defendants also filed an informal motion to transfer the case to Ohio, which was denied by Honorable Joseph A. Dickson, U.S.M.J. on March 21, 2013. *See* Docket Entry No. 17.  An initial conference was subsequently held by Judge Dickson on May 21, 2013, which the Garg Defendants appeared for, and a pretrial scheduling order was issued. *See* Docket Entry No. 19.

On June 3, 2013, Plaintiff propounded discovery requests on the Garg Defendants, with responses being due July 15, 2013. *See Plaintiff's Brief in Support* at 1; Docket Entry No. 34-2. The Garg Defendants failed to respond to this discovery, and likewise, failed to appear for a status telephone conference with Judge Dickson on September 4, 2013. *Id.*   Ultimately, this matter was transferred to the undersigned on April 7, 2014.  By Letter Order dated April 8, 2014, the Court requested a status letter from the parties, and received only a unilateral submission from Plaintiff advising that there had been no contact between Plaintiff and the Garg Defendants since the discovery requests were propounded.  Upon consideration of Plaintiff's letter, the Court issued an Order granting Plaintiff leave to file the instant motion, finding that the Garg Defendants "have essentially ceased to defend this matter[.]" *Order*; Docket Entry No. 27.  In its Order, the Court noted that its April 8, 2014 Letter Order came back as undeliverable to the Garg Defendants and admonished that "all parties to a litigation have an ongoing duty to keep the Court apprised of their

current mailing address[.]" *Id.* Indeed, since that Order, additional mailings to the Garg Defendants have also been received as undeliverable. In this regard, the Court again finds that the Garg Defendants have ceased to defend themselves in this matter and that the only appropriate remedy for Plaintiff is to strike their answer and enter default.

## ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute or defend a case. *See* Fed.R.Civ.P. 37(b)(2). Rule 37(b)(2) explicitly recognizes the court's ability to strike a pleading, in whole or in part, for failure "to obey an order to provide or permit discovery." *Id.*

However, where a sanction may "deprive a party of the right to proceed with or defend against a claim," courts must weigh the six factors enunciated by the Third Circuit in *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) in deciding whether to impose the sanction. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148. The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868 (emphasis omitted). No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

**1. Defendants' Personal Responsibility.** In this case it appears that the Garg Defendants are solely responsible for their failure to comply with court orders and defend this matter. The Garg Defendants have failed to respond to discovery requests or participate in conferences with the Court, and have failed to notify the Court of any changes in address. As such, this factor

weighs in favor of striking Defendants' Answer.

      **2.     Prejudice to Plaintiff.**  The Court finds that manifest injustice would result to Plaintiff if Defendants' Answer is not stricken.  Defendants' continued failure to appear in this action would unduly prejudice Plaintiff, as there is no indication that Defendants intend to ever resume defense of this matter.  Therefore, this factor weighs in favor of striking the Defendants' Answer.

      **3.     History of Dilatoriness.**  Defendants clearly have a history of dilatoriness through their combined failure to respond to discovery, participate in court-ordered conference, respond to court orders and to properly keep the Court apprised of their mailing address.  Defendants' inaction in this regard further supports striking their Answer.

      **4.     Willfulness or Bad Faith.**  The Court will not conclude that Defendants have proceeded in bad faith.  However, Defendants' conduct has been willful.  Defendants have been willfully unresponsive to discovery and to Court proceedings and orders.  These circumstances, when taken as a whole, suggest that Defendants have abandoned their defense of this case and further support striking their Answer as the appropriate remedy.

      **5.     Effectiveness of Alternative Sanctions.**  Under *Poulis*, courts must consider alternative remedies, such as attorneys' fees or preclusion of claims, before striking a pleading and entering default.  *See Ghana v. New Jersey State Parole Bd.*, 2011 WL 3608633, at *10 (D.N.J. Aug. 15, 2011).  Here, however, the record of unresponsiveness suggests that alternative sanctions would be futile.  On the facts as outlined above, no lesser sanction would be effective. *See Joyce v. Continental Airlines, Inc.*, 2011 WL 2610098 (D.N.J.).

      **6.     Meritoriousness of the Claims.**  The Court is unable to determine the

meritoriousness of the Garg Defendants' defenses.

In sum, the Court finds the *Poulis* factors weigh in favor of striking Defendants' Answer and entering default against them.   Therefore, the undersigned recommends that the District Court grant Plaintiff's motion to strike Defendants' Answer and enter default.

## CONCLUSION

In light of the foregoing; and the Court having given consideration of the *Poulis* factors;

**IT IS** on this **13th** day of **March, 2015,**

**RECOMMENDED** that Plaintiff's Motion to strike Defendants' Answer be GRANTED and that the Answer be stricken pursuant to Fed.R.Civ.P. 37(b)(2) and default entered.

Parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Fed.R.Civ.P. 72(b)(2).

  s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**