**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVELODGE HOTELS, INC., | Civil Action No.: 12-4660 |
| Plaintiff, | |
| v. | **OPINION** |
| RAXON RESTAURANT, INC., NEERA GARG, VIRENDRA GARG, and MOHAMMAD ASHRAF, | |
| Defendants. | |

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court on the motion of Plaintiff Travelodge Hotels, Inc. ("THI" or "Plaintiff") for default judgment against Defendants Raxon Restaurant, Inc. ("Raxon"), Neera Garg ("Neera"), Virendra Garg ("Virendra"), and Mohammad Ashraf ("Ashraf," and collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). (ECF No. 40.)

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises from contracts between Plaintiff and Defendants related to the operation of a guest lodging facility located at 6121 Zumstein Drive, Columbus, Ohio 43229 (the "facility"). Plaintiff filed the Complaint in this action on July 25, 2012. (ECF No. 1.) The Summons and Complaint were served upon the Defendants on August 2, 2012. (See ECF Nos. 4, 5 and 7.) From that point, the procedural history diverges with respect to each Defendant.

## A. Ashraf

On August 29, 2012, upon request of Plaintiff, the Clerk of the Court entered default against Ashraf for failure to appear. (ECF No. 8.)  Subsequently, Ashraf wrote to the Court requesting withdrawal of default, which was ordered by this Court on September 26, 2012. (ECF Nos. 9, 10.)

On June 10, 2013, Plaintiff again requested default be entered against Ashraf. (ECF No. 21.)  Default was entered against Ashraf for the second time.

Over the following 10 months, this case was transferred from Magistrate Judge Dickson to Magistrate Judge Falk and then finally to Magistrate Judge Clark.  After Judge Clark was added to the case, he requested letters from the parties addressing the status of the case. (ECF No. 24.) He then made a series of findings in an order on April 29, 2014, and ordered Plaintiff to send a copy of the April 29 order to each Defendant's last known address. (ECF No. 27.)

On June 1, 2014, after receiving a copy of Judge Clark's April 29 Order, Ashraf sent a letter to the Court requesting that he be removed from the case. (ECF No. 28.)  In his letter, Ashraf stated that he did not have any share in Raxon, did not work for Raxon, and did not have any connection with Raxon other than being the owner of the real estate upon which the facility was located. (Id.)  He also stated:

> Travelodge never notified me that Raxon Restaurants was in default in franchise fees.  Travelodge did not inform me that they are taking away the flag from Raxon Restaurants.  It wasn't till years later when they filed the case in the court that they included my name.

(Id.)  Judge Clark ordered Plaintiff to respond to Ashraf's letter (ECF No. 29), which Plaintiff did on June 20, 2014. (ECF No. 30.)  On June 25, 2014, Judge Clark denied Ashraf's request for relief and ordered that the default entered against Ashraf stands. (ECF No. 31.)

2

On June 1, 2015, this Court directed Plaintiff to move for default judgment against the Defendants. (ECF No. 37.) Plaintiff moved for default judgment on June 19, 2015. (ECF No. 40.) On July 21, 2015, Ashraf sent another letter to the Court, again requesting that he be removed from the case. (ECF No. 41.) Ashraf's letter stated that he was not a shareholder in Raxon, he had no interest in the operation of the facility. (Id.) It is unclear from the letter whether he ever was a franchisee for Plaintiff. (Id.) His letter further states: "Travelodge never contacted me if Raxon Restaurants was behind the franchise fee or any violations" and "First time I received any type of communication was only after the case was filed in the court." (ECF No. 41.) Ashraf's letter was docketed by the Clerk's Office as an "ANSWER to Complaint." (Id.)

### B. Virenda and Neera

On August 20, 2012, Virenda and Neera filed an Answer to the Complaint. (ECF No. 6.) After filing their Answer, Virenda and Neera appear to have engaged to some extent in the litigation process. On February 19, 2013, Virenda and Neera filed a letter on behalf of themselves as individuals and Raxon requesting that the case be transferred to the District of Ohio, (ECF No. 15), which was denied by Magistrate Judge Dickson on March 21, 2013. (ECF No. 17.) It appears that Virenda and/or Neera appeared before Judge Dickson for an Initial Conference on May 21, 2013 (see ECF No. 18), the same day on which Virenda consented to receive documents electronically, although Virenda ultimately did not have a correct email address listed with the Court. (ECF No. 20.) That appears to be the last time that Virenda or Neera defended or participated in this case.

After Magistrate Judge Clark was assigned to the case, the Clerk's Office attempted to send his April 8, 2014 Order to Virenda and Neera by mail but both were returned as undeliverable. (ECF Nos. 25 and 26.) In his April 29, 2014 Order, Judge Clark granted leave for Plaintiff to file

a motion to strike Virenda and Neera's Answer for failure to defend and failure to participate in and comply with discovery. (ECF No. 27.) On July 9, 2014, additional mail was returned to the Clerk's Office as undeliverable to Virenda and Neera. (ECF Nos. 32 and 33.)

On September 12, 2014, Plaintiff filed a motion to strike Virenda and Neera's Answer and requested entry of default against them. Judge Clark issued a Report and Recommendation that the answer be stricken (ECF No. 35), which this Court adopted on March 31, 2015. (ECF No. 36.) The Clerk entered default against Virenda and Neera on April 1, 2015 and on June 1, 2015, this Court directed Plaintiff to move for default judgment. (ECF No. 37.) Plaintiff moved for default judgment on June 19, 2015. (ECF No. 40.)

### C. Raxon

The August 20, 2012 Answer filed by Virenda and Neera was purportedly filed on behalf of Raxon as well. (See ECF No. 6.) However, the Clerk's Office informed Defendants that Raxon Restaurant, Inc. is a corporation and therefore must be represented by counsel. A similar notification was provided after Virenda and Neera's request that the case be transferred to Ohio. (ECF No. 15.) To date, no attorney has entered an appearance in this case on behalf of Raxon. Accordingly, on June 10, 2013, Plaintiff requested entry of default against Raxon, which was entered by the Clerk. (ECF No. 21.) Plaintiff moved for default judgment on June 19, 2015. (ECF No. 40.)

## III. LEGAL STANDARD

Though "the entry of a default judgment is largely a matter of judicial discretion," the Court must determine that Plaintiff has stated a sufficient cause of action, accepting the factual allegations in the complaint, except those relating to the amount of damages, as true. Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008) (citing Comdyne I, Inc. v. Corbin,

4

908 F.2d 1142, 1149 (3d Cir. 1990)).  In addition, "[b]efore imposing the extreme sanction of

default, district courts must make explicit factual findings as to: (1) whether the party subject to

default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3)

the culpability of the party subject to default." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide

Funds, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74

(3d Cir. 1987)).

## IV. DISCUSSION

### A.  The Complaint states a sufficient cause of action.

The Complaint sufficiently states a cause of action for breach of contract "by alleging that

Defendants entered into a valid franchise agreement with Plaintiff, that Defendants breached this

agreement, and that Plaintiff suffered resulting damages." Super 8 Worldwide, Inc. v. Aksar Corp.,

No. 14-1037, 2014 WL 4613664, at *9 (D.N.J. Sept. 15, 2014) (citing Coyle v. Englander's, 199

N.J. Super. 212, 223, 488 A.2d 1083, 1088 (N.J. Super. Ct. App. Div. 1985)); Howard Johnson v.

Patel, No. 11-918, 2011 WL 218575, at *3 (D.N.J. May 31, 2011).

The Complaint alleges that Plaintiff entered into a License Agreement and a Satellite

Connectivity Services Addendum with Defendant Raxon. (Compl ¶¶ 10, 19.)  Additionally, each

of the individual defendants—Virenda, Neera, and Ashraf—entered into a contract which provided

Plaintiff with a Guaranty of Raxon's obligations under the License Agreement. (Id. ¶ 22.)

The Complaint contains factual allegations with respect to Raxon's failure to perform its

obligations under the License Agreement to: (1) operate a guest lodging facility for fifteen years

(Id. ¶¶ 11, 24); (2) make periodic payments to Plaintiff for certain recurring fees (Id. ¶ 12); (3)

prepare and submit monthly reports (Id. ¶ 14); (4) maintain accurate financial information (Id. ¶

15); (5) pay liquidated damages (Id. ¶¶ 17, 25); and (6) pay costs and fees incurred to enforce the

5

agreement (Id. ¶ 18). The Complaint also alleges that Raxon failed to perform its obligation under the Satellite Connectivity Services Addendum to pay liquidated damages in the amount of $2,500 within 10 days following the date of termination. (Id. ¶ 20.) (See Id. ¶¶ 24-49.) Finally, the Complaint alleges that each of the individual defendants failed to perform its obligations to make payments to Plaintiff upon a default by Raxon under the License Agreement. (Id. ¶¶ 51-53.)

Plaintiff allegedly suffered damages resulting from the breach, including the recurring fees owed to Plaintiff and liquidated damages owed to Plaintiff as a result of default and the resulting premature termination of the License Agreement. (Compl. ¶¶ 35, 37, 41, 45, and 53.)

In addition to supporting an action for breach of contract, the facts support Plaintiff's claim of unjust enrichment, as Plaintiff conferred a benefit on defendant that enriched defendant beyond its contractual rights and "retention of that benefit without payment would be unjust." Cooper v. Samsung Electronics America, Inc., No. 07-3853, 2008 WL 4513924, at *9 (D.N.J. Sept. 30, 2008) (citing VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554, 641 A.2d 519, 526 (1994)).

### B. Defendants have no meritorious defenses and they are culpable

At this point, it has been more than two years since Virenda and Neera participated in this litigation. During that time, the Clerk's Office has been unable to contact them and has received notices that mail sent to their last known addresses was undeliverable. The record as it currently stands leaves Virenda and Neera with no meritorious defenses. They are culpable for their own absence and they will not be unfairly prejudiced by default judgment after two years of silence.

Raxon has been notified by the Clerk's Office twice that a corporation must be represented by counsel. The first such notification was more than three years ago. Default was entered against Raxon more than two years ago. In all that time, Raxon has failed to retain counsel to represent it in this case. Therefore, Raxon is culpable and will not be unfairly prejudiced by entry of default.

Furthermore, the record as it currently stands (particularly after the Answer was stricken) leaves Raxon with no meritorious defenses.

Ashraf has contacted the Court on three occasions, the most recent of which was July 21, 2015, approximately one month after Plaintiff filed its motion for default judgment. Ashraf's letters can be construed to set forth two defenses: first, that he had no financial interest in Raxon; and second, that he did not breach his obligations under the Guaranty because his payments were only required once Plaintiff provided notice, which they did not. Neither defense is meritorious. Whether Ashraf owned a financial stake in Raxon is irrelevant because his signature is on the Guaranty and he does not deny that he entered into the contract. Furthermore, Plaintiff's failure to give notice may have been a meritorious defense in 2012 and, in fact, this Court withdrew the entry of default against Plaintiff at that time. At this point, however, Ashraf has been provided with notice of the default for more than three years and has failed to fulfill his obligations under the contract. Moreover, his three letters to the Court over the course of three and a half years do not remove his culpability for his failure to defend and do not preclude this Court from entering a default judgment against him.

### C. Plaintiff has been prejudiced

Plaintiff has been prejudiced by Defendants' conduct because Plaintiff has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving relief. See Malik v. Hannah, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009). Therefore, the Court finds that default judgment is proper at this time.

### D. Damages

The allegations in Plaintiff's Complaint regarding damages are not treated as true upon entry of a default judgment. Boards of Trustees of Operating Engineers Local 825 Welfare Fund

7

v. Robert Silagy Landscaping, Inc., No. 06-1795, 2006 WL 3308578, at **3-4 (D.N.J. Nov. 13, 2006). A court may conduct hearings to determine the amount of damages or may decline to hold such hearings, "particularly where the amount claimed [is] capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Id. (internal quotations omitted). In this case, Plaintiff has submitted evidence adequate to support its request for damages and for reasonable attorneys' fees and costs. (See Compl. Ex. A § 12.1, Ex. B § 13(c), Ex. A. §§ 7, 18.1, Schedule C; Couch Cert. ¶¶ 11-13, Ex. C.)

## V. **CONCLUSION**

For the reasons described herein, Plaintiff's motion for default judgment is hereby granted. Default judgment shall be entered, and Defendants shall be ordered to pay the total amount of $466,795.98, comprised of recurring fees and liquidated damages, including prejudgment interest, attorneys' fees and costs. An appropriate Order accompanies this Opinion.

DATED: _January 14_____, 2016

_____

**CLAIRE C. CECCHI, U.S.D.J.**

8